Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| FRANCISCO BRAÑA RIVERA, MADELINE COLÓN MARÍN, y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos<br><br>Demandante-Apelados<br><br>v.<br><br>WILLIAM IRIZARRY LÓPEZ; su esposa LAVINIA PADÍN RODRÍGUEZ; y la SOCIEDAD DE GANANCIALES compuesta por ambos; RT INTERNATIONAL ROOFER'S INC., representado por William Irizarry López<br><br>Demandada-Apelantes | TA2025AP00018 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Cabo Rojo<br><br>Civil núm.: CB2024CV00250<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparecen ante este tribunal apelativo, el Sr. William Irizarry López (señor Irizarry López), la Sra. Lavinia Padín Rodríguez (señora Padín Rodríguez), la Sociedad de Bienes Gananciales, compuesta por ambos, y RT International Roofer's, Inc. (RT), representada por el señor Irizarry López (en conjunto, los apelantes) mediante el recurso de apelación de epígrafe, y nos solicitan que revoquemos la *Sentencia Final* dictada por el Tribunal de Primera Instancia, Sala Superior de Cabo Rojo (TPI), el 29 de mayo de 2025, archivada y notificada en autos el 5 de junio siguiente. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* a la *Demanda* sobre desahucio en precario presentada por el Sr. Francisco Braña

Rivera (señor Braña Rivera), la Sra. Madeline Colón Marín (señora Colón Marín), la Sociedad de Bienes Gananciales, compuesta por ambos (en conjunto, parte apelada).

Por las razones que expondremos a continuación, desestimamos el dictamen apelado por falta de jurisdicción tras su presentación tardía.

**I.**

El 25 de abril de 2024. la parte apelada presentó una *Demanda* sobre desahucio en precario contra los apelantes. Mediante esta, solicitó el desahucio y lanzamiento de estos de dos lotes ubicados en una finca que le pertenece a dicha parte apelada. Dichos lotes se encuentran dentro de una finca descrita como el solar número 2, cito en el Barrio Miradero del Municipio Autónomo de Cabo Rojo. Este solar consta inscrito como la finca #12220 en el tomo 353, folio 102 en el Registro de la Propiedad Sección de San Germán, Demarcación de Cabo Rojo (SG0102). Arguyeron que esta finca consta lotificada, sin segregar, en el plano de inscripción núm. 3526, mediante el cual quedan aprobados los lotes del 1 al 12. Añadieron que, sobre los lotes 11 y 12, los apelantes han colocado y mantienen, sin el debido pago de canon alguno ni permiso o autorización alguna, varios camiones, vehículos de motor, vagones; así como una caseta de *galvalume*, y otros objetos. Manteniendo la posesión de dichos lotes en precario y; por lo tanto, solicitaron el desahucio de los mismos y la imposición de costas y honorarios de abogado.

Luego de varios trámites procesales, que no son necesarios pormenorizar, se señaló la vista para juicio en su fondo calendarizado para el 29 de abril de 2025 y, eventualmente, la vista de continuación el 20 de mayo de 2025.

El **5 de junio de 2025**, el TPI emitió la *Sentencia* apelada declarando *Ha Lugar* a la demanda y concediendo los remedios

solicitados. Así, el foro *a quo* ordenó el desahucio y el lanzamiento de los apelantes e impuso $3,000 en concepto de costas y honorarios. En dicho dictamen, el TPI incluyó el derecho a recurrir la determinación en alzada ante nuestra consideración, más impuso una fianza de $1,000.

Por su parte, el 13 de junio de 2025, el TPI realizó una enmienda *Nunc Pro Tunc* al antedicho dictamen mediante el escrito intitulado *Sentencia Enmendada,* en la cual solo enmendó el epígrafe para incorporar el cambio de nombre de una de las partes demandadas.

En desacuerdo con la determinación original, ese mismo día, el 13 de junio, los apelantes acuden ante este foro apelativo, mediante el recurso de apelación de epígrafe imputándole al foro de primera instancia la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CABO ROJO AL DECLARAR HA LUGAR LA DEMANDA DE DESAHUCIO POR LA VÍA SUMARIA Y OMITIR CONSIDERAR LA POSESIÓN DEL DEMANDADO POR MÁS DE 20 AÑOS Y LOS GASTOS DE CONSERVACIÓN EN LOS QUE SE INCURRIÓ DURANTE ESE TIEMPO; OBVIANDO A SU VEZ ANALIZAR SI LAS PARTES ACTUARON DE BUENA O MALA FE PARA DETERMINAR LA POSIBLE APLICACIÓN DEL ARTÍCULO 382 DEL CÓDIGO CIVIL DE 1930.5 EN PROTECCIÓN DEL POSEEDOR DE BUENA FE.

Examinado el recurso de epígrafe y, en atención a la determinación arribada, resolvemos sin la comparecencia de la parte apelada. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).

**II.**

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980).

Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

**Desahucio**

El desahucio es un procedimiento especial de naturaleza sumaria cuyo objetivo principal es recuperar la posesión material de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 749-750 (1987); *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971). Nuestro más alto foro ha reiterado jurisprudencialmente que el desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble." *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234-235 (1992).

Así, el desahucio es el procedimiento especial que tiene el dueño de una finca, sus apoderados, los usufructuarios u otra persona con derecho a disfrutarla, para recuperar la posesión de un inmueble. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018). El objetivo del desahucio es devolverle la posesión de hecho de un inmueble al dueño mediante el lanzamiento del arrendatario o precarista que detenta la propiedad sin pagar el canon correspondiente. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016). El proceso correspondiente al desahucio sumario está reglamentado conforme lo dispuesto en los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838.

Por otro lado, debido a su naturaleza sumaria, las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados. Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831. Dicho término de presentación es uno jurisdiccional, por lo que no es prorrogable.

### La enmienda NUNC PRO TUNC

Según reza la Regla 49.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.1, los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en estas por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena. La referida regla permite que se corrijan errores de forma cometidos no solo por el tribunal sino, también, aquellos cometidos por su secretaría. *Vélez v. AAA*, 164 DPR 772, 792 (2005); *S.L.G. Coriano-Correa v. K-mart Corp.*, 154 DPR 523, 530 (2001).

Así pues, se consideran errores de forma aquellos atribuibles a inadvertencias u omisiones, y los errores que no van a la sustancia

de la sentencia. En *Security Insurance Co. v. Tribunal*, 101 DPR 191, 203-204 (1973), el Tribunal Supremo estableció que un error de forma en la sentencia es subsanable mediante enmienda *nunc pro tunc*, dándosele **efectos retroactivos a la enmienda con fecha de la sentencia o resolución original**. Dicha regla se aplicará con liberalidad. *Vélez v. ARPe*, 167 DPR 684 (2006); *Vélez v. AAA*, supra. No procede la enmienda *nunc pro tunc* ante una cuestión de interpretación de ley. *Infante de Arce v. Mulero*, 165 DPR 757 (2005); *S.L.G. Coriano-Hernández v. K-mart Corp.*, supra.

El tribunal puede corregir este error en su sentencia o en cualquier escrito del expediente donde aparezca en cualquier momento. También puede corregirse en esa misma forma, fechas equivocadas, cantidades equivocadas, los errores en nombres de personas o lugares, y los errores de números o cifras. *García v. Restaurante El Tropical*, 154 DPR 249 (2001). R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, 6ta. Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 4901; págs. 464-465.

### III.

Analizado el recurso ante nuestra consideración, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Como hemos expuesto en el derecho precedente, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* supra. Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

Del trámite procesal detallado y en especial, del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), en la *Notificación* a la Entrada núm. 83, surge claramente que la *Sentencia Final* apelada se **notificó el 5 de junio de 2025, y no el 6 de junio como indican los apelantes**.[1] Recordemos que, en casos de desahucios de índole sumaria, la parte adversamente afectada dispone de cinco (5) días, desde la notificación de la sentencia, para recurrir en alzada. Artículo 629 del Código de Enjuiciamiento Civil, *supra*. A este cómputo, por ser menor de siete (7) días, se le excluyen los sábados y domingos; así como los días feriados legal. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 245-246 (2018). Por lo que, los apelantes **tenían hasta el 12 de junio de 2025 para acudir en revisión ante este tribunal intermedio. No obstante, estos presentaron el recurso el 13 de junio, en exceso del término jurisdiccional que se tenía para ello.**

Resulta importante mencionar que es norma reiterada que los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término. Lo anterior, independientemente de las consecuencias procesales que su expiración provoque. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017). Como resultado, si una parte incumple con un requisito jurisdiccional, el foro carecerá de jurisdicción para evaluar la controversia ante su consideración y deberá desestimar el caso. *COSVI v. CRIM*, 193 DPR 281, 287 (2015).

De otro lado, precisa advertir que surge del expediente que la fianza de $1,000 impuesta por el foro primario se obtuvo el **13 de junio, ello fuera del término jurisdiccional estatuido en derecho**

---

[1] La *Sentencia Final* fue notificada al Lcdo. Elvin N. Ojeda Bonilla, al correo electrónico lcdo.ojeda@gmail.com y al Lcdo. Luis A. Fernández Domenech al correo electrónico ivirivera3@yahoo.com.

**para apelar**. Reiteramos que los apelantes tenían hasta el 12 de junio de 2025 para acudir en revisión ante esta *Curia*. Sobre este particular, enfatizamos que en los casos de desahucio el demandado tiene que prestar una fianza como requisito para presentar un recurso de apelación de la sentencia que se dictó en su contra. Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832. El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 414 (2009).

Por último, debemos expresar que el TPI realizó una enmienda a la *Sentencia Final* mediante la *Sentencia Final Enmendada* para añadir en el epígrafe el nombre de la codemandada, Sra. Lavinia Padín Rodríguez, la cual fue notificada el 13 de junio de 2025.[2] Por ende, no cabe duda de que esta corrección trata sobre un error de forma que no va a la sustancia de la sentencia. Según mencionamos, en *Security Insurance Co. v. Tribunal*, supra, el más alto foro dictaminó que un error de forma en la sentencia es subsanable mediante enmienda *nunc pro tunc*, dándosele **efectos retroactivos a la enmienda con fecha de la sentencia o resolución original**. Asimismo, este tipo de enmiendas se realizan sobre errores que no afectan el derecho de las partes, por ejemplo, la corrección de nombres, fechas y cómputos. Por ello, al retrotraerse la referida enmienda a la *Sentencia Final* primaria, la cual se **notificó el 5 de**

---

[2] Se hace importante apuntalar que el nombre de la codemandada aparece en el contenido de la *Sentencia Final* original. Además, surge del SUMAC que dicho nombre era conocido desde la vista celebrada el 21 de mayo de 2024. De la *Minuta* surge:

> "El licenciado Fernández expresa que no ha visto el último documento que menciona el tribunal. Señala que en la vista anterior el licenciado Ojeda se comprometió a someter los documentos pertinentes al emplazamiento negativo para someter a la jurisdicción a la Sra. Lavinia Padín Rodríguez. Al día de hoy no ha presentado los documentos a esos fines.
>
> El licenciado Ojeda expresa que somete a la jurisdicción a su clienta, quien está presente en sala y solicita que se den los documentos por presentados. El tribunal declara Con Lugar la solicitud del licenciado Ojeda y se entiende que ambos son partes demandadas. Se deberá incluir ambos nombres en todos los documentos." (Entrada núm. 30 del SUMAC).

**junio de 2025**, los apelantes **tenían hasta el 12 de junio para acudir en revisión ante este foro apelativo. Lo que fallaron en hacerlo.**

En fin, al haberse presentado el recurso tardíamente, solo nos corresponde declararnos sin jurisdicción y desestimarlo.

## IV.

Por los fundamentos antes expuestos, desestimamos el presente recurso de apelación por falta de jurisdicción ante su presentación tardía.

La juez Lebrón Nieves disiente sin opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones